IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE DRAYTON BERKLEY                    No. 1:22-cv-02296-STA-jay
                                         No. 1:22-cv-01115-STA-jay
                                         No. 1:22-cv-01134-STA-jay

**REPORT AND RECOMMENDATION**

Before the Court are three Motions for Sanctions that seek dismissal of three separate cases.[1] *Graves v. Auto-Owners Ins. Co.*, 1:22-cv-02296-STA-jay, ECF No. 47 (hereinafter *Graves*); *King Tire LLC v. State Auto Prop. & Cas. Ins. Co.*, 1:22-cv-01115-STA-jay, ECF No. 39 (hereinafter *King Tire*); *BC North Partners v. Penn. Nat. Mut. Cas. Ins. Co.*, 1:22-cv-01134-STA-jay, ECF No. 31 (hereinafter *BC North*). All three Motions have been referred to the undersigned for a Report and Recommendation.[2] Upon review of these Motions, and the history of each case, the Court believes addressing these matters in one Report and Recommendation is appropriate. This is because Plaintiffs' counsel is the same in all three cases, the procedural history is largely the same in all three cases, and the analysis supporting the ultimate Recommendation requires an understanding of the breadth and scope of the issues in all three cases. As the following Report will establish, the undersigned **RECOMMENDS** each Motion for Sanctions be **GRANTED** and the cases be **DISMISSED**.

---

[1] This Report and Recommendation will refer to three separate cases. For ease of reference, the Court will address each case by Plaintiff name as opposed to the entire docket number. Moreover, the Court will utilize footnotes more broadly, as opposed to in-text citations, in an effort to maintain clarity.
[2] *Graves*, ECF No. 49; *King Tire*, ECF No. 40; *BC North*, ECF No. 32.

## I. PROPOSED FINDINGS OF FACT

The following facts are common to each case. In the spring of 2022, Defendants removed these civil cases from state court to federal court based on diversity jurisdiction.[3] Plaintiffs generally alleged breach of contract claims for Defendant-insurers' failure to properly pay claims to repair damage to various insured properties.[4] After removal, each Defendant timely filed an Answer.[5] Defendant-insurers claimed a variety of defenses. Some Plaintiffs allegedly failed to comply with the policy's requirement to file suit within two years.[6] Additionally, some damages were allegedly not covered under the various policies, thus no breach of contract occurred.[7]

The parties took part in Rule 26(f) Planning Meetings.[8] Defendants filed Notices of Service for initial disclosures.[9] The Court entered Scheduling Orders.[10] Then, the attorney originally representing Plaintiffs withdrew.[11] Mr. Berkley, Plaintiffs' current counsel, filed his Notice of Appearance in all three of these cases[12] and fourteen others currently pending in this district.[13] From there, problems arose, as the cases stalled despite Defense counsel's, and this Court's, best

---

[3] *Graves*, ECF No. 1 at ¶¶ 3-5; *King Tire*, ECF No. 1 at ¶ 6; *BC North*, ECF No. 1 at ¶ 6.
[4] *Graves*, ECF No. 1 at ¶¶ 13-18; *King Tire*, ECF No. 1-1 at ¶¶ 17-26; *BC North*, ECF No. 1-1 at ¶¶ 17-26.
[5] *Graves*, ECF No. 7; *King Tire*, ECF No. 8; *BC North*, ECF No. 7.
[6] *Graves*, ECF No. 7 at ¶ 1; *King Tire*, ECF No. 8 at 9.
[7] *Graves*, ECF No. 7 at ¶¶ 15-16; *King Tire*, ECF No. 8 at 4-9; *BC North*, ECF No. 7 at 4-6.
[8] *Graves*, ECF Nos. 13-14; *King Tire*, ECF No. 10; *BC North*, ECF No. 9.
[9] *Graves*, ECF No. 15; *King Tire*, ECF No. 12; *BC North*, ECF No. 19.
[10] *Graves*, ECF No. 17; *King Tire*, ECF No. 13; *BC North*, ECF No. 13.
[11] *Graves*, ECF Nos. 22, 27; *King Tire*, ECF Nos. 20-21; *BC North*, ECF No. 15, 18.
[12] *Graves*, ECF No. 29; *King Tire*, ECF No. 22; *BC North*, ECF No. 20.
[13] *J&S Welding, Inc. v. Liberty Mut. Ins. Co. et al*, 1:22-cv-01122-STA-jay; *Griffin, et al v. American Select Ins. Co. et al*, 1:21-cv-02818-STA-jay; *Cox-McCarver P'ship et al v. Erie Ins. Exch.*, 1:20-cv-01068-JDB-jay; *Clark v. Liberty Mut. Ins. Co.*, 1:22-cv-01089-JDB-jay; *D&R Serv., LLC et al v. Mesa Underwriters Specialty Ins. Co.*, 1:22-cv-01087-STA-jay; *TEJAS TOBACCO AKA THE TOBACCO SHOP LLC v. State Automobile Mut. Ins. Co.*, 1:22-cv-01157-STA-jay; *P&G Constr. Consultants LLC v. Pa. Nat. Mut. Cas. Ins. Co.*, 1:22-cv-01218-STA-jay; *Griffin, Jr. et al v. Hunter et al*, 1:23-cv-02142-STA-jay; *Hales v. Philadelphia Indem. Ins. Co.*, 1:22-cv-01090-STA-jay; *Dalton v. State Farm Ins. Co.*, 1:22-01102-STA-jay; *Anderson v. State Automobile Mut. Ins. Co.*, 1:23-cv-01047-JDB-jay; *Anderson et al v. Acuity, a Mut. Ins. Co.*, 1:23-cv-01046-JDB-jay; *McKenzie Med. Ctr., PC et al v. Selective Ins. Co. of South Carolina*, 1:23-cv-01045-JDB-jay; *P&G Constr. Consultants, LLC v. State Farm Ins. Co.*, 1:22-cv-01151-JDB-jay.

efforts. Plaintiffs' counsel has demonstrated dilatory tactics and a lack of diligence that the Court does not tolerate.

### A. *GRAVES v. AUTO-OWNERS INSURANCE COMPANY*

Starting with *Graves*, the first sign of trouble began when Defendant filed a Motion to Compel Plaintiff's Rule 26 Initial Disclosures on November 28, 2022.[14] The Motion highlighted that Rule 26 Initial Disclosures were due on August 3, 2022, pursuant to the Court's Scheduling Order.[15] Defendant included as exhibits a copy of the initial disclosures it timely served on Plaintiff and copies of e-mail communications sent to Mr. Berkley requesting Plaintiff's Rule 26 Initial Disclosures.[16] Defendant noted that at the time the Motion to Compel was filed, Plaintiff's Rule 26 Initial Disclosures were "months overdue."[17] Plaintiff was, in fact, 117 days delinquent in serving this preliminary information.[18] Defendant requested the Court to compel Plaintiff to produce "Rule 26 Initial Disclosures that are wholly compliant with Rule 26 of the Federal Rules of Civil Procedure" and attorney fees.[19] The Motion included a Certificate of Consultation as required by Local Rule 7.2.[20]

Plaintiff's counsel responded to the Motion on December 12, 2022.[21] The Response is two bullet-points in substance that informed the Court that (1) Plaintiff did "not contest the [M]otion to [C]ompel"[22] and (2) Plaintiff "provided Defendant[] Initial Disclosures on December 12,

---

[14] *Graves*, ECF No. 34.
[15] *Graves*, ECF No. 34 at ¶ 1.
[16] *Graves*, ECF No. 34-1; *Graves*, ECF No. 34-2; *Graves*, ECF No. 34-3; *Graves*, ECF No. 34-4.
[17] *Graves*, ECF No. 34 at ¶4.
[18] The Motion was filed on November 28, 2022. *Graves*, ECF No. 34. The Rule 26 Initial Disclosures were due August 3, 2022. *Graves*, ECF No. 17.
[19] *Graves*, ECF No. 34 ¶¶ 5-6.
[20] *Graves*, ECF No. 34 at 3.
[21] *Graves*, ECF No. 39.
[22] *Graves*, ECF No. 39 at ¶ 1.

2022."²³ According to Plaintiff, the Motion to Compel could therefore be denied as moot.²⁴ The Court notes here that Plaintiff's counsel filed his Response and (untimely) served the Rule 26 Initial Disclosures on the same day.

Before the Court entered an order regarding the Motion to Compel, Defendant filed a Motion for Leave to File a Reply to Plaintiff's Response.²⁵ The Motion highlighted that "Plaintiff served deficient and inadequate FRCP Rule 26 Initial Disclosures upon Defendant's counsel on December 12, 2022."²⁶ Defendant included a copy of the Rule 26 Initial Disclosures as an exhibit and highlighted the variety of ways in which Plaintiff's production failed to comport with the Federal Rules: there were no names or contact information for witnesses, there was no calculation of damages, and there were no "documents or evidentiary materials on which its damages claims [were] based."²⁷ The Court granted the Motion to Compel and award of attorney fees in the amount of $745.00.²⁸ Plaintiff had until January 9, 2023 to serve proper Rule 26 Initial Disclosures.²⁹

On February 21, 2023, Defendant filed the instant Motion for Sanctions in the form of dismissal.³⁰ The Motion for Sanctions included the required Certificate of Consultation.³¹ Defendant informed the Court that Plaintiff had utterly failed to file the Rule 26 Initial Disclosures in accordance with the January 9, 2023 deadline.³² In addition to dismissal, Defendant also requested attorney fees.³³

---

²³ *Graves*, ECF No. 39 at ¶ 2.
²⁴ *Graves*, ECF No. 39.
²⁵ *Graves*, ECF No. 40.
²⁶ *Graves*, ECF No. 40 at ¶ 3.
²⁷ *Graves*, ECF No. 40 at ¶ 4.
²⁸ *Graves*, ECF Nos. 41, 45.
²⁹ *Graves*, ECF No. 41.
³⁰ *Graves*, ECF No. 47 at 1.
³¹ *Graves*, ECF No. 47 at 3.
³² *Graves*, ECF No. 47 at ¶ 6.
³³ *Graves*, ECF No. 47 at ¶ 9.

Plaintiff's counsel filed a Response, one day late, to Defendant's Motion.[34] Plaintiff's counsel made the patently false allegation that "Defendant[] failed to properly consult the Plaintiff[] prior to filing this [M]otion."[35] Plaintiff's counsel also included several exhibits in his Response. One is an e-mail exchange with Defendant that shows the inadequate Initial Disclosures that were sent on December 12, 2023, that gave Defendant grounds to file the Motion for Sanctions.[36] Plaintiff's counsel also included a copy of *Defendant's* Expert Disclosures.[37] Plaintiff's counsel also makes several substantive arguments. First, Mr. Berkley appears to argue that a rendered umpire award absolved his responsibility to serve Rule 26 Initial Disclosures.[38] Then, Mr. Berkley argued dismissal was unwarranted under Sixth Circuit precedent.[39] The Court granted Defendant leave to file a Reply.[40] Defendant's Reply addressed the merits of whether Plaintiff's counsel conduct warrants dismissal.[41]

## B. *KING TIRE LLC v. STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY*

Moving on to *King Tire*, the first sign of trouble arrived in the form of a Court Order Requiring Mediation Status Report entered on November 2, 2022.[42] The Scheduling Order required "the parties engage in mediation by October 27, 2022."[43] However, the parties had not filed a certificate of mediation by that deadline. Therefore, the Court ordered the parties to file notice that Alternative Dispute Resolution was complete no later than November 9, 2022.[44]

---

[34] *Graves*, ECF No. 48.
[35] *Graves*, ECF No. 48-1 at 1.
[36] *Graves*, ECF No. 48-3.
[37] *Graves*, ECF No. 48-2.
[38] *Graves*, ECF No. 48-1 at 1-2.
[39] *Graves*, ECF No. 48-1 at 2-4.
[40] *Graves*, ECF No. 52.
[41] *Graves*, ECF No. 53.
[42] *King Tire*, ECF No. 23.
[43] *King Tire*, ECF No. 23.
[44] *King Tire*, ECF No. 23.

Defendant filed a Status Report first, informing the Court that the change in Plaintiff's counsel caused a scheduling conflict with the mediator, but the parties were "actively working on completing mediation" and would provide "the Mediation Status Report . . . within sixty (60) days."[45] Plaintiff's counsel filed a Status Report that consisted of one sentence that simply stated "Plaintiff . . . joins in the status report submitted by Defendant . . . ."[46] The Court granted an extension to the mediation deadline.[47]

On December 1, 2022, Defendant filed a Motion to Compel Plaintiff's Rule 26 Initial Disclosures.[48] The Motion highlights essentially the same issues as outlined in *Graves*. The Initial Disclosures were due on August 18, 2022.[49] Defendant served the required Disclosures on time.[50] Plaintiff did not. Instead, Plaintiff "requested a two-week extension or until November 3, 2022 to provide its Rule 26 Initial Disclosures . . . ."[51] Defendant agreed to the extension, giving Plaintiff's counsel until November 8, 2022, five days more than Plaintiff's counsel requested.[52] Plaintiff's counsel again failed to serve the Rule 26 Initial Disclosures, requiring Defendant to reach out on November 23, 2022, via e-mail.[53] In that correspondence, Defendant again agreed to receive Plaintiff's Initial Disclosures on a later date: November 30, 2022.[54] Plaintiff's failure to serve the Initial Disclosures by November 30, 2022, resulted in Defendant filing the Motion to Compel.

Plaintiff's counsel filed a one-page Response on December 12, 2022.[55] The Response averred to the Court that "Plaintiff [did] not contest the [M]otion to [C]ompel" and that the Initial

---

[45] *King Tire*, ECF No. 24.
[46] *King Tire*, ECF No. 25.
[47] *King Tire*, ECF No. 26.
[48] *King Tire*, ECF No. 27.
[49] *King Tire*, ECF No. 27 at ¶ 1.
[50] *King Tire*, ECF No. 27 at ¶ 2.
[51] *King Tire*, ECF No. 27 at ¶ 3.
[52] *King Tire*, ECF No. 27 at ¶ 4.
[53] *King Tire*, ECF No. 27-5.
[54] *King Tire*, ECF No. 27-5.
[55] *King Tire*, ECF No. 30.

Disclosures were provided to Defendant on December 12, 2022.[56] Plaintiff also asserted that "Plaintiffs [sic] Motion to compel appraisal which if granted reduce [sic] the relevant issues to valuation and coverage."[57]

Defendant moved the Court for leave to file a Reply, which the Court granted.[58] Just as in *Graves*, Defendant highlighted for the Court that the late-served Initial Disclosures provided by Plaintiff were "deficient and inadequate . . . ."[59] The Disclosures did not adequately identify witnesses or their contact information, include a calculation of damages, nor provide "documents or evidentiary materials on which its damages claimed are based."[60] Upon receiving the inadequate disclosures, Defendant sent a four-paragraph e-mail coaching Plaintiff's counsel on all of the various ways the disclosures failed to comport with the Federal Rules.[61] Defendant then requested supplementation and informed Plaintiff's counsel that failure to supplement would "force[]" Defendant to "request additional relief from the Court."[62]

The Court granted the Motion to Compel and gave Plaintiff until March 8, 2023, to comply with the Rule 26 Initial Disclosure requirement.[63] On March 9, 2023, Plaintiff's counsel filed a Notice which included an appraisal award, an umpire report, and umpire clarification correspondence.[64] Most important though, the March 9, 2023, filing did *not* include notice that Plaintiff served its Rule 26 Initial Disclosures.

---

[56] *King Tire*, ECF No. 30 at ¶¶ 1-2.
[57] *King Tire*, ECF No. 30 at ¶ 4.
[58] *King Tire*, ECF Nos. 31, 32.
[59] *King Tire*, ECF No. 31 at ¶ 3.
[60] *King Tire*, ECF No. 31 at ¶4.
[61] *King Tire*, ECF No. 31-4.
[62] *King Tire*, ECF No. 31-4.
[63] *King Tire*, ECF No. 36.
[64] *King Tire*, ECF No. 37.

On March 10, 2023, Defendant filed the instant Motion for Sanctions seeking dismissal and attorney fees.[65] Defendant highlighted that Plaintiff's counsel again failed to serve the Rule 26 Initial Disclosures as per the Court's Order.[66] Defendant also requested attorney fees.[67] The Motion included a Local Rule 7.2 Certificate of Consultation.[68] Plaintiff filed a Response ten days later.[69] Just like in *Graves*, Plaintiff's counsel incorrectly stated that Defendant failed to consult.[70]

### C. *BC NORTH PARTNERS v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY*

Finally, before the Court now is an *almost* identical fact pattern in a third case: *BC North*. In that case, Mr. Berkley filed his Notice of Appearance on October 11, 2022.[71] The next entry on the Docket is a Motion to Compel Plaintiff's Rule 26 Initial Disclosures filed by Defendant on December 1, 2022.[72] That Motion informed the Court that Defendant had timely served its Rule 26 Initial Disclosures, and then provided a copy to Mr. Berkley as he began his representation after the initial service.[73] Defendant agreed to a requested extension until October 27, 2022, for Plaintiff to serve Rule 26 Initial Disclosures.[74] However, Plaintiff failed to meet the October 27, 2022, deadline. On November 23, 2022, Defendant reached back out to Plaintiff's counsel requesting the Rule 26 Initial Disclosures no later than November 30, 2022.[75] However, by December 1, 2022, Defendant had still not received the Initial Disclosures, leading it to file the Motion to Compel.[76]

---

[65] *King Tire*, ECF No. 39.
[66] *King Tire*, ECF No. 39 at ¶ 7.
[67] *King Tire*, ECF No. 39 at ¶ 10.
[68] *King Tire*, ECF No. 39 at 3; ECF No. 39-1 at 8.
[69] *King Tire*, ECF No. 43.
[70] *King Tire*, ECF No. 43-1 at 2.
[71] *BC North*, ECF No. 20.
[72] *BC North*, ECF No. 21.
[73] *BC North*, ECF No. 21 at ¶¶ 2-3.
[74] *BC North*, ECF No. 21 at ¶ 3.
[75] *BC North*, ECF No. 21 at ¶ 4.
[76] *BC North*, ECF No. 21 at ¶¶ 5-6.

Plaintiff failed to Respond to the Motion to Compel Rule 26 Initial Disclosures. On January 5, 2023, the Court entered an Order directing Plaintiff to serve the Rule 26 Initial Disclosures no later than January 20, 2023.[77] The Court also awarded Defendant the requested attorney fees.[78] Defendant submitted the required affidavit; Plaintiff raised no objections.[79] As such, the Court then Ordered Plaintiff to pay the $175.50 submitted to the Court.[80]

On March 1, 2023, Defendant filed the instant Motion for Sanctions seeking dismissal.[81] Defendant informed the Court that Plaintiff failed to meet the January 20, 2023 deadline set by the Court.[82] Defendant included the required Certificate of Consultation.[83] On the day Plaintiff's substantive Response was due, Mr. Berkley filed a Motion for Extension of Time.[84] The Court granted the extension, finding Plaintiff's representation the parties were attempting to "reach an amicable solution . . . regarding the Motion for Sanction" good cause to grant Plaintiff additional time to Respond.[85] However, the Court did not grant Plaintiff the requested fourteen-day extension; the Court instead gave Plaintiff seven days.[86]

Prior to the Court granting an extension to Plaintiff regarding the Motion for Sanctions, Defendant also filed a Motion to Compel and Deem Requests Admitted.[87] There, Defendant informed the Court that it "served Interrogatories, Requests for Admission and Requests for Production of Documents to Plaintiff's counsel" on January 30, 2023.[88] Despite e-mail

---

[77] *BC North*, ECF No. 26 at 2.
[78] *BC North*, ECF No. 26 at 2.
[79] *BC North*, ECF No. 29.
[80] *BC North*, ECF No. 30.
[81] *BC North*, ECF No. 31.
[82] *BC North*, ECF No. 31 at ¶ 6.
[83] *BC North*, ECF No. 31 at 3.
[84] *BC North*, ECF No. 34.
[85] *BC North*, ECF No. 36 at 2.
[86] *BC North*, ECF No. 36 at 2-3.
[87] *BC North*, ECF No. 33.
[88] *BC North*, ECF No. 33 at ¶ 1.

communications with Plaintiff's counsel advising Mr. Berkley of the due date having passed, by March 15, 2023, Plaintiff still had not responded at all.[89]

Plaintiff timely filed (with the extension) a substantive Response to the Motion for Sanctions.[90] Again, Plaintiff falsely claimed that Defendant failed to consult in accordance with the Local Rules.[91] Plaintiff's counsel included copies of e-mail communications from December 2020 and January 2021 apparently between representatives of Defendant and representatives of Plaintiff. Plaintiff's counsel avers that these e-mails show "Plaintiff disclosed the reports and witnesses underlying the proof of loss . . . during the adjustment period."[92] Plaintiff also included a similar e-mail communication from March 7, 2023, that shows Plaintiff's counsel sending Defense counsel several documents, *none* of which were Rule 26 Initial Disclosures. Plaintiff's counsel argued the March 7, 2023 e-mail and documents amounted to "disclos[ure] [of] the documents underlying its Initial Disclosures and Responses to Request for Production of Documents, Responses, to Interrogatories, and Designation of Experts."[93]

Prior to Responding to the Motion to Compel and Deem Requests Admitted, Plaintiff's counsel filed a Motion to Amend Responses to Request for Admission.[94] This filing was unnecessary, as a party does not need leave of court to supplement its responses to discovery requests. In this filing, Plaintiff includes an e-mail exchange with Defense counsel that utterly fails to prove Plaintiff's point. In the body of Plaintiff's unnecessary Motion, counsel claims that he "responded to Defendant's request for admission on March 7, 2023" and that a "copy of e-mail discussion [sic] from March 3-7 [sic] is attached as Exhibit 1."[95] The e-mail communication

---

[89] *BC North*, ECF No. 33 at ¶¶ 4-5.
[90] *BC North*, ECF No. 37.
[91] *BC North*, ECF No. 37-1 at 2.
[92] *BC North*, ECF No. 37-1 at 1.
[93] *BC North*, ECF No. 37-1 at 1.
[94] *BC North*, ECF No. 38.
[95] *BC North*, ECF No. 38-1 at 1.

instead establishes the following: Defense counsel sent Plaintiff's counsel an e-mail on March 3, 2023, asking Plaintiff to "provide the responses [to written discovery] within seven (7) days of this email communication or we have been instructed to file a motion to compel."[96] Mr. Berkley responded the same day asking Defense counsel to "[f]orward your requests in Word."[97] On March 7, 2023, Defense counsel appears to have forwarded three Word documents to Plaintiff's counsel that were the "files for the written discovery."[98] And that is the end of Plaintiff's Exhibit. There is absolutely no indication in this filing that Plaintiff *did in fact respond* to the discovery requests submitted by Defendant.

Plaintiff then filed a Response to the Motion to Compel and Deem Requests Admitted.[99] It is two pages in length and four bullet points in substance. Plaintiff simply argued that it "answered request for production of documents, request for admissions, and designated experts on March 7, 2023."[100] Plaintiff also notes that it "moved to amend his response to request for admissions . . . and incorporates the motion and supporting memorandum herein by reference."[101] Plaintiff also apparently "anticipate[d] that it will be able to complete and serve the interrogatories on Defendant[] in the next ten (10) days . . . ."[102] Plaintiff's counsel thus "respectfully urge[d] the Court to grant him an additional ten (10) day extension to complete the interrogatory responses and . . . request[ed] the court to authorize the amendment to request for admissions . . . ."[103]

The general pattern to all three of these cases appears as such: Plaintiffs' counsel filed a notice of appearance. Defendants sought to obtain Rule 26 Initial Disclosures after Mr. Berkley

---

[96] *BC North*, ECF No. 38-2 at 1.
[97] *BC North*, ECF No. 38-2 at 2.
[98] *BC North*, ECF No. 38-2 at 3.
[99] *BC North*, ECF No. 40.
[100] *BC North*, ECF No. 40 at ¶ 1.
[101] *BC North*, ECF No. 40 at ¶ 3.
[102] *BC North*, ECF No. 40 at ¶ 4.
[103] *BC North*, ECF No. 40 at 1-2.

failed to comply with the Scheduling Orders. Mr. Berkley failed to cooperate with Defendants' requests. Defendants filed Motions to Compel. Mr. Berkley served noncompliant Rule 26 Initial Disclosures. The Court Ordered Plaintiffs' counsel to serve compliant Rule 26 Initial Disclosures, and in two cases the Court awarded attorney fees. Plaintiffs' counsel *still* failed to serve the Rule 26 Initial Disclosures in all three cases. Defendants filed the instant Motions for Sanctions in the form of dismissal.

## II.     PROPOSED CONCLUSIONS OF LAW

The Federal Rules of Civil Procedure provide mechanisms by which courts may dismiss actions for failure to comply with basic procedural requirements and court orders. Federal Rule of Civil Procedure 37(b) allows a court to "dismiss[] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery . . . ." FED. R. CIV. P. 37(b)(2)(A)(v). Additionally, Rule 41(b) allows for to dismissal of actions where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order" once a defendant moves for a dismissal. FED. R. CIV. P. 41(b).

The purpose of dismissal as a sanction is to punish the offending party for their failure "to comply with discovery" and "deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976)). Of course, "[d]ismissal 'is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff.'" *Shavers v. Bergh*, 516 Fed. Appx. 568, 570 (6th Cir. 2013) (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). Yet dismissal may be "necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).

In the Sixth Circuit, before granting dismissal pursuant to a motion made under Rule 37(b) or Rule 41(b), the Court is required to consider four factors:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland*, 103 F.3d at 1277 (citing *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)); *see also Shavers*, 516 Fed. Appx. at 569-70 (applying the same factors when reviewing dismissal pursuant to Rule 41(b)). "[N]o one factor is dispositive . . . ." *Mager v. Wis. Central, Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019).

As to the first factor, according to Circuit precedent, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 Fed. Appx. at 570 (internal quotations omitted)). Regarding the second factor, a defendant can show prejudice by establishing that "the plaintiff's conduct" caused defendant to "waste[] time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Shavers*, 516 Fed. Appx. at 570 (internal citations omitted). Where some of the delays and issues with litigation appear to be, in part, the fault of the party seeking dismissal, there is less likely a showing of prejudice. *See Carpenter v. City of Flint*, 723 F.3d 700, 708 (6th Cir. 2013). The third factor establishes a preference for warning parties that dismissal is being contemplated by the court. However, there are instances where dismissal without such a warning is acceptable. The Supreme Court has provided that a party's failure to adequately prosecute a case, resulting in a "drawn-out

13

history" that establishes the party is "deliberately proceeding in [a] dilatory fashion" may support an unwarned dismissal. *Link*, 370 U.S. at 633. The Sixth Circuit further provides that where a "derelict party has engaged in . . . contumacious conduct," courts may dismiss a case without such warning. *Shavers*, 516 Fed. Appx. at 571 (internal quotations omitted); *see also Harmon v. CSX Transp.*, 110 F.3d 634, 367 (6th Cir. 1997) (citing that penalties short of dismissal should be imposed "unless the derelict party has engaged in bad faith or contumacious conduct." (internal citations omitted)); *see also Knoll v. AT&T*, 176 F.3d 359, 366 (6th Cir. 1999) (providing that "dismissal typically involves consideration of the remaining three factors cited earlier, [but] their importance fades in the face of . . . contumacious conduct."). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Mager*, 924 F.3d at 837 (quoting *Carpenter*, 723 F.3d at 705. Finally, the fourth factor asks courts to consider alternatives. Where there is an "absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice[.]" *Harmon*, 110 F.3d at 368 (quoting *Freeland*, 103 F.3d at 1280 (internal citations omitted)). Dismissal, then, is "appropriate only if . . . *no alternative sanction* would protect the integrity of the pretrial process." *Carpenter*, 723 F.3d at 709 (internal quotations omitted) (emphasis in original).

### III.    ANALYSIS

Defendants' Motions for Sanctions in these very similar cases highlight Plaintiff's counsel's widespread pattern of dilatory and contumacious conduct. There of course is the appropriate consideration of whether a plaintiff will be denied their day in court because of a dismissal. But there is an equally important consideration of weighing Plaintiff's continued draining of Court resources in light of all the other matters that come before the bench.

The first factor to consider is whether there is willfulness, bad faith, or fault on the part of Plaintiffs such that dismissal is appropriate. *Shavers*, 516 Fed. Appx. at 570. The undersigned believes that at a *minimum*, Plaintiffs' counsel has demonstrated "a reckless disregard for the effect of his conduct" on the proceedings before the Court in these three cases. *Id.* This is based on the fact that Mr. Berkley has completely failed to comply with the Court's Orders to serve Initial Disclosures that comport with Rule 26's requirements. It is not difficult to even find bad faith or an "intent to thwart judicial proceedings" by such a blatant disregard for the Orders of the Court. *Id*. This is in part based on the numerous allegations that Defense counsel failed to consult with Mr. Berkley prior to filing these Motions for Sanctions and yet the Certificates of Consultation aver otherwise. A finding of bad faith could also be established by the number of times Mr. Berkley has represented to the Court that an extension is appropriate in order to resolve discovery issues with opposing counsel, all for Mr. Berkley to continue in his failures to provide the requisite information. Thus, the first factor weighs heavily in favor of dismissal.

The second factor evaluates the extent to which Plaintiffs' conduct caused Defendants to "waste[] time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Id.* (internal citations omitted). Plaintiffs were undoubtedly legally obligated to serve their Rule 26 Initial Disclosures on Defendants. Plaintiffs failed to do so. Defense counsel in *Graves* and *BC North* have already proven the time, money, and effort wasted attempting to complete the most basic step in the discovery process by filing for, and being awarded, attorney fees. This is not a complicated procedural requirement nor a difficult step in discovery, and yet Defense counsel and this Court have already spent numerous hours offering assistance and ordering compliance. Months later, these cases still sit stale. Thus, the second factor weighs heavily in favor of dismissal.

The third factor considers whether the non-moving party has been warned that the Court is considering dismissal. Such a warning, however, is not required where the "derelict party has engaged in . . . contumacious conduct." *Id*. at 571 (internal quotations omitted). Here, Plaintiffs' counsel has engaged in contumacious conduct. In each case Plaintiffs' counsel's refusal to comply with Court Orders demonstrates complete disregard for the Court's authority. In these cases, Plaintiffs' counsel first failed to comply with the Scheduling Orders' deadlines for serving Rule 26 Initial Disclosures. Plaintiffs' counsel then refused to comply with the Court's Orders to serve Rule 26 Initial Disclosures. Although the Court has not specifically warned Plaintiffs in these Orders to Compel that dismissal may be forthcoming, the Court cannot in good conscience allow this type of blatant defiance to continue. Even if the Court had issued such a warning, it would not likely cure this pattern, as Mr. Berkley has not taken the Court's Orders seriously.

The fourth and final factor asks whether there is an alternative sanction that may "protect the integrity of the pretrial process." *Carpenter*, 723 F.3d at 709 (internal quotations omitted). The undersigned believes there is no such alternative sanction available. This belief is well-founded because in two of the three cases before the Court, Mr. Berkley was already ordered to pay attorney fees to Defense counsel. Yet Mr. Berkley has still failed to comply with the underlying Orders directing him to serve the Rule 26 Initial Disclosures. If Court Orders alone are not enough, and monetary sanctions are not enough, the Court is simply at a loss as to how to enforce compliance. Dismissal is the only appropriate sanction remaining.

Importantly, Counsel for Defendants in these three cases have not filed these Motions for Sanctions frivolously. All Defendants have agreed to extensions, offered detailed explanations as to how Plaintiffs' filings are insufficient, and have sought lesser sanctions before seeking dismissal. Yet these cases sit stagnant. Defendants are unable to move forward towards litigation—

16

or towards alternative resolutions—because Plaintiffs continually fail to uphold their end of the pre-trial process. To the extent Plaintiffs' counsel is unfamiliar with federal civil litigation, it appears at every turn Defendants' counsel has been willing to work amicably with Plaintiffs' counsel in navigating these federal waters. However, it is neither Defense counsel's responsibility, nor the Court's responsibility, to coach Plaintiff on how to engage in federal civil litigation.

The Rules are clear. The Court's Orders have been clear. Unfortunately, Plaintiffs have also been clear in their refusal to comply with both procedural and Court-ordered requirements.

### IV. CONCLUSION

Based on the foregoing analysis, the Court RECOMMENDS the MOTIONS FOR SANCTIONS in the form of dismissal be GRANTED.

Respectfully submitted this 3rd day of April, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**