# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | |
|---|---|
| LOUISE GRAVES by and through CHUCK GRAVES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:22-CV-02296-STA-JAY |
| | ) Chief District Judge S. Thomas Anderson |
| AUTO-OWNERS INSURANCE COMPANY, | ) Magistrate Judge Jon A. York ) ) |
| Defendant. | ) |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:  Louise Graves by and through
Chuck Graves
c/o Drayton Berkley, Esquire
Berkley Law Firm, PLLC
P. O. Box 771048
Memphis, TN 38177

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, Auto-Owners Insurance Company ("A-O"), requests that the Plaintiff, Louise Graves by and through Chuck Graves ("Graves") produce the following documents and all copies of such documents which are in the possession, custody or control of any or all of them or which are otherwise available to any or all of them. The production shall be made at the offices of Brewer, Krause, Brooks & Chastain, PLLC, 545 Mainstream Dr., Suite 101, Nashville, Tennessee 37228. This request may be complied with by mailing copies of said requested items by U.S. Mail, postage prepaid, to Defendant's attorney at the address given below within thirty (30) days of the date this document was served upon counsel for the Plaintiff.

These are continuing requests so that the responses of the Plaintiff shall be seasonably and timely supplemented as required by Rule 26 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.  The term "document" or "documents" shall mean every original (or copies if you do not have the originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, notes, invoices (including all bills and statements of account), credit memos, debit memos, notations, work papers, transcripts, minutes, minute books, corporate resolutions, reports, notes and recordings of telephone or other conversations or of interviews or of conferences or other meetings, telephone call slips or messages, bank statements, deposit slips, bank checks or drafts, confirmations, or other evidence of bank wire transfers of fund, purchase, repurchase and sale confirmations, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, books of account, ledgers, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, films, microfilms, photographs, maps, charts, accounts, handwritten notes or memoranda, interoffice or intraoffice memoranda, financial statements and reports thereto, mailograms, video recordings, travel vouchers, credit card receipts, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated. The term

"document" or "documents" shall further include all information and data stored by means of computer "floppy" discs, computer "hard" drives, and other electromagnetic media whatsoever.

2. "Person" means any individual, firm, partnership, association, corporation or other legal, business or governmental entity.

3. "Communication" includes every manner of transmitting or receiving facts spoken by one person and from one person to another person, information, opinions or thoughts, whether orally, by document, writing or copy thereof, or otherwise including, but not limited to, words transmitted by telephone, radio or any method of voice recording.

4. "And" as well as "or" shall be construed either conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

5. Reference to the singular shall also include a reference to the plural, and reference to the plural shall also include a reference to the singular.

6. "You" and/or "your" shall mean the Plaintiff in Case No. 1:22-CV-02296.

7. "Roof components" means the materials and/or covering of a building's roof including, but not limited to any and all membranes, shingles, cladding, roof decking, flashings, sheet metal coverings, insulation, vapor barrier, and/or underlayment, or any combination thereof, that protect the interior of the building from weather.

8. The term "Policy" means the policy of insurance issued by A-O bearing Policy No. 724619-03630939-19 and any predecessor policy, in effect on May 4, 2020.

## CLAIMS OF PRIVILEGE

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each such document:

1. Identify the document, by specifying the general nature of the document, the date (or approximate date) of preparation, the name of its author, the name of the addressee, the name and business address of each person having knowledge of the factual assertions reflected in such document; and,

2. Specify the precise nature of the privilege claimed.

## LOST OR DESTROYED DOCUMENTS

If any document for which production is requested has been lost or destroyed, for each such document, state the circumstances relating to the loss or destruction of such document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.

## METHOD OF PRODUCTION

Produce the requested documents as they are kept in the usual course of business or organize and label them to correspond with the categories in this request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents you have reviewed or referred to in order to answer the Interrogatories served contemporaneously herewith.

**RESPONSE:**


2. Any and all reports prepared by any expert witness you plan to call to testify at trial.

**RESPONSE:**

3. Any and all estimates of repair drafted by you, on your behalf, or by any agent or authorized representative, for any damage you contend was caused by the storm on May 4, 2020.

**RESPONSE:**

4. Any and all documents which describe damage which you contend resulted from the storm referenced in the Complaint.

**RESPONSE:**

5. All weather-related documents, scientific weather reports or any document from a scientific authority that monitors and catalogs, or documents storm activity and related to the property located at 3523 Eastend Dr., Humboldt, TN 38343.

**RESPONSE:**

6. Any and all documents related to the purchase of the property located at 3523 Eastend Dr., Humboldt, TN 38343, including but not limited to purchase documents, photographs, correspondence, appraisals, real estate listings, transactional documents, condition assessments, and/or communications.

**RESPONSE:**

7. Produce payment receipts, copies of payments, and invoices for any and all repairs you have made to the property located at 3523 Eastend Dr., Humboldt, TN 38343 since May 4, 2020.

**RESPONSE:**

8. Any and all documents supporting the claim for insurance proceeds made to A-O.

**RESPONSE:**

9. A copy of your initial disclosures and any and all documents identified in your initial disclosures made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE**:

10. Any documents supporting your contention, if made, that the exclusions and policy terms referenced in the Answer to Complaint filed by A-O are not applicable to the claims presented by you.

**RESPONSE:**

11. All documents you received from A-O.

**RESPONSE:**

12. All documents you provided to A-O.

**RESPONSE:**

13. Please provide all documents related to the temporary repair of any portion of the property located at 3523 Eastend Dr., Humboldt, TN 38343 since May 4, 2020.

**RESPONSE:**

14. Please provide all documents, including but not limited to invoices, receipts, purchase orders, and copies of payments for building materials purchased to complete repairs to the property located at 3523 Eastend Dr., Humboldt, TN 38343 that you or your agents, representatives or attorneys have in their possession since May 4, 2020.

**RESPONSE:**

15. All photographs of repairs made to property and related to the claim presented to A-O under the policy referenced in the Complaint for the property located at 3523 Eastend Dr., Humboldt, TN 38343 that were taken after May 4, 2020.

**RESPONSE:**

16. Please provide a copy of all documents provided to you by William Griffin since May 4, 2020.

**RESPONSE:**

17. Please provide a copy of all documents you provided to William Griffin since May 4, 2020.

**RESPONSE:**

18. Please provide a copy of all documents related to the December 2020 sale of the property located at 3523 Eastend Dr., Humboldt, TN 38343.

**RESPONSE:**

19. Any and all documents or other tangible materials you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

**RESPONSE:**

20. Please provide a copy of any suggestion of death of Louise Graves filed in the Gibson County Circuit Court on behalf of Louise Graves.

**RESPONSE:**

21. Please provide a copy of any motion for substitution filed in the Gibson County Circuit Court on behalf of Louise Graves.

**RESPONSE:**

22. Please provide a copy of any and all documents related to the estate of Louise Graves.

**RESPONSE:**

23. Please provide a copy of all documents evidencing payments for the repair or

replacement of any loss or damage resulting from the May 4, 2020 storm event to property located at 3523 Eastend Dr., Humboldt, TN 38343.

**RESPONSE:**

24. Please provide a copy of any and all documents evidencing the repair or replacement of any property located at 3523 Eastend Dr., Humboldt, TN 38343 resulting from the May 4, 2020 storm event.

**RESPONSE:**

25. Please provide a copy of any and all assignment of claims and/or assignment of benefits made under policy number 724619-03630939-19.

**RESPONSE:**

26. Please provide all photographs that depict any portion of the property located at 3523 Eastend Dr., Humboldt, TN 38343 that were taken before or after May 4, 2020.

**RESPONSE:**

27. Please provide any and all construction drawings and/or building plans related to the property located at 3523 Eastend Dr., Humboldt, TN 38343.

**RESPONSE:**

28. Please provide a copy of all payments received from A-O from May 4, 2020

through the date this Request was served upon the Plaintiff.

**RESPONSE:**


29. Please provide all documents sent to or received from any municipal, state or federal agency related to any ordinances or laws that regulate the construction or repair of any portion of 3523 Eastend Dr., Humboldt, TN 38343 between May 4, 2020 and the date of these Requests.

**RESPONSE:**


Respectfully submitted,

s/Matthew B. Rogers
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**MATTHEW B. ROGERS**
Registration No. 038777
DIRECT:  (615) 630-7725
(615) 256-8787, Ext. 121
mrogers@bkblaw.com
Attorneys for Defendant, Auto-Owners Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of February, 2023, a true and correct copy of the foregoing has been served via electronic mail to the following:

Drayton D. Berkley, Esquire
Berkley Law Firm, PLLC
P. O. Box 771048
Memphis, TN 38177
attorneyberkley@gmail.com

                                        s/Matthew B. Rogers_____
                                        **MATTHEW B. ROGERS**

PTC:
MBR:mbr