# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | | |
|---|---|---|
| LOUISE GRAVES by and through CHUCK GRAVES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:22-CV-02296-STA-JAY |
| | ) | Judge S. Thomas Anderson |
| AUTO OWNERS INSURANCE COMPANY, | ) ) ) | Magistrate Judge Jon A. York |
| Defendant. | ) ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINION TESTIMONY

Comes now Defendant, Auto-Owners Insurance Company ("Auto-Owners"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 26(a)(2) and the Scheduling Order (Doc. 17) entered in this case, and hereby submits its Memorandum in Support of Motion to Exclude Expert Opinion Testimony.

## INTRODUCTION

This case arose out of an insurance dispute with issues of coverage, policy liability and causation. A storm event resulting in a loss to insured property occurred, coverage was granted, the loss assessed, and the insured was initially indemnified. After investigating the claim and indemnifying the Plaintiff by issuing an actual cash value payment, the Plaintiff's public adjuster or the Plaintiff demanded appraisal under the insurance policy. However, after appraisal was demanded but before any appraisal award was entered, the Plaintiff sold the property at issue in appraisal. An appraisal award was entered after the property was sold, and now a lawsuit has been filed against Auto-Owners seeking monies Auto-Owners withheld from the appraisal award payment

because Plaintiff cannot repair the property and collect recoverable depreciation/replacement cost, and the increased cost of construction as a result of enforcement of an ordinance or law regulating the repair of damage to property. The Plaintiff no longer owns the property, there was no valid assignment of claim, and thus, the Plaintiff cannot repair a property that she does not own.

## **FACTS**

The Plaintiff was required to disclose any Rule 26(a)(2) experts on or before January 13, 2022, pursuant to FRCP 26(d) and the Court's Scheduling Order entered in this matter. (Doc. 17). Defendant served its Rule 26 Expert Disclosures upon counsel for the Plaintiff on August 3, 2022. (See Doc. 46) (Notice of Service of Defendant's Expert Witness Disclosures). As of the date of this Motion, Plaintiff has not disclosed any experts whatsoever.

Additionally, the Plaintiff's initial disclosures do not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure and cannot operate as any Rule 26(a)(2) expert witness disclosures. (See Exhibit A attached to Motion). The Plaintiff's initial disclosures do not provide the basis and reasoning for any opinions of any individual listed on the initial disclosures, and the Plaintiff's initial disclosures does not state the facts and data considered in forming any opinions by any individuals. Id. The initial disclosures by Plaintiff does not include any individual's qualifications, identify any publications authored in the past ten years for any person, list any cases where an individual has testified as an expert in the past four years, or a statement of compensation for any study, or for testimony at trial or deposition for any person listed on the Plaintiff's initial disclosures. Id. Additionally, there was no formal report provided by any expert that included expert opinions, the basis for

those opinions, or the facts and data considered by the expert in forming their opinion. Id. Lastly, Plaintiff has simply not disclosed any expert witnesses or someone that would provide expert opinions at a trial of this matter.

## LAW AND ARGUMENT

### A. Plaintiff Failed To Disclose Any Expert Witnesses.

Federal Rule of Civil Procedure 26 requires Plaintiff to identify any persons who may provide expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A) (2021). Persons "retained or specially employed to provide expert testimony" must provide a written report "prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B) (2021). The report must include:

- (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
- (ii) the facts or data considered by the witness in forming them;
- (iii) any exhibits that will be used to summarize or support them;
- (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
- (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
- (vi) a statement of the compensation to be paid for the study and testimony in this case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi) (2021). If a party fails to comply with the requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (2021).

In its initial disclosures, Plaintiff identified several witnesses as having knowledge,

including William Griffin ("Griffin"). (See Exhibit A attached to Motion). Griffin has been involved in this claim since its inception as the Plaintiff executed a Limited/Specific Power of Attorney on October 2, 2020 authorizing Griffin to act on the Plaintiff's behalf in the claim with Auto-Owners. The Plaintiff's Rule 26 initial disclosures provided that William Griffin "has information regarding the initial inspection of the property and preparation of the initial estimate." (Exhibit A, pg. 1). However, any estimate from Griffin will not comply with Rule 26(a)(2)(B). (See Fed. R. Civ. P. 26(a)(2)(B)(i – v)). Plaintiff has not disclosed any experts to date and now the deadline for disclosure of experts has long since passed. Therefore, Plaintiff failed to disclose any experts at all in this litigation and Plaintiff should be precluded from offering any expert testimony at a trial of this matter.

### B.     Rule 37 Provides That Any Late Disclosed Experts Be Excluded.

Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2002) (citation omitted). Plaintiff has the burden of proving harmlessness. Id. And "courts have explained that exclusion of expert testimony is the standard sanction for a violation of Rule 26." Talon Aerisyn, LLC v. Selective Ins. Co., 2019 U.S. Dist. LEXIS 193516, at *4 (E.D. Tenn. Aug. 26, 2019) (citation omitted). Plaintiff's expert disclosure deadline was January 13, 2023. (Doc.17). Plaintiff never disclosed any experts or provided written reports that complied with Rule 26(a)(2)(B). Therefore, Plaintiff failed to disclose any expert witnesses by the time required in the Scheduling Order (Doc. 17) and any attempt to now disclose any experts and utilize testimony from an expert at a trial of this matter should be excluded, including

expert testimony under the guise of a lay witness since some of the individuals identified in Plaintiff's initial disclosures are likely to possess scientific, technical, or other specialized knowledge.

## CONCLUSION

Rule 26(a)(2)(B) requires Plaintiff to disclose expert witnesses and provide a written report. But, as explained above, Plaintiff failed to disclose any experts whatsoever, nor provided any written reports from any expert. Therefore, this Honorable Court should exclude any and all expert testimony offered at trial by the Plaintiff.

Respectfully submitted,

s/Matthew B. Rogers_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**MATTHEW B. ROGERS**
Registration No. 038777
DIRECT: (615) 630-7725
(615) 256-8787, Ext. 121
mrogers@bkblaw.com
Attorneys for Defendant, Auto-Owners Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## LOCAL RULE 7.2 CERTIFICATE OF CONSULTATION

**MATTHEW B. ROGERS, COUNSEL FOR DEFENDANT, CERTIFIES THAT HE CONSULTED WITH DRAYTON BERKLEY, PLAINTIFF'S COUNSEL, VIA EMAIL COMMUNICATION ON MAY 3 & 4, 2023 REGARDING THE RELIEF SOUGHT IN DEFENDANT'S MOTION. COUNSEL FOR DEFENDANT WOULD NOT PROVIDE A CLEAR RESPONSE TO THE CONSULTATION INQUIRY BY THE TIME OF FILING.**

## CERTIFICATE OF SERVICE

   I hereby certify that on this 5th day of May, 2023, a true and correct copy of the foregoing DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton D. Berkley, Esquire
Berkley Law Firm, PLLC
P. O. Box 771048
Memphis, TN 38177

            s/Matthew B. Rogers_____
            **MATTHEW B. ROGERS**

PTC:
MBR:mbr