## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| **LOUISE GRAVES by and through CHUCK GRAVES,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 1:22-CV-02296-STA-JAY** |
| | ) | **Judge S. Thomas Anderson** |
| **AUTO OWNERS INSURANCE COMPANY,** | ) ) | **Magistrate Judge Jon A. York** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now Defendant, Auto-Owners Insurance Company ("Auto-Owners"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 56 and the Scheduling Order (Doc. 17) entered in this case, and hereby submits its Memorandum of Law in Support of Motion for Summary Judgment.

## INTRODUCTION

This case arose out of an insurance dispute with issues of coverage, policy liability and causation. A storm event on May 4, 2020 occurred, resulting in a loss to insured property located at 3523 Eastend Dr., Humboldt, TN 38343 ("Property"). A claim was filed with Auto-Owners who investigated the claim and issued payment for covered damage. After issuing an actual cash value payment, the Plaintiff demanded appraisal under the insurance policy. However, after appraisal was demanded but before any appraisal award was entered, the Plaintiff sold the property at issue in appraisal.

An appraisal award was entered after the property was sold, and now a lawsuit has been filed against Auto-Owners seeking monies that Auto-Owners rightfully withheld

from the appraisal award payment because Plaintiff cannot repair the property and collect recoverable depreciation/replacement cost, and the increased cost of construction as a result of enforcement of an ordinance or law regulating the repair of damage to property. The Plaintiff no longer owns the property, there was no valid assignment of claim, and thus, the Plaintiff cannot repair a property that she does not own.

Auto-Owners propounded Requests for Admission to Plaintiff on February 6, 2023 to be answered within thirty (30) days of service. Plaintiff failed to respond to Auto-Owners' Requests for Admission and under Rule 36 of Federal Rules of Civil Procedure, those Requests are deemed conclusively established by operation of law. The failure to respond has established the following:

1.    Auto-Owners issued payment for all covered damages under the policy of insurance at issue in this litigation;

2.    The Property at issue in the underlying insurance claim and this litigation, was sold by the Plaintiff before March 8, 2021;

3.    An appraisal award was entered on March 8, 2021;

4.    The loss or damage at issue in this litigation was not repaired before March 8, 2021;

5.    The loss or damage at issue in this litigation was not repaired after March 8, 2021;

6.    The Plaintiff's rights and benefits under the insurance policy at issue in this litigation was not assigned by Plaintiff to any other person or entity; and

7.    No additional monies are owed to Plaintiff, or any person or entity as a result of the appraisal award and selling of the Property.

The Auto-Owners policy states that Auto-Owners will not pay on a replacement cost basis, or for the increased cost of construction resulting from enforcement of an Ordinance or Law regulating the repair of construction of any property, <u>unless the damaged property is actually repaired or replaced</u> based on the following provisions contained within the policy:

### E.    LOSS CONDITIONS

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

*****

**4.    Loss Payment**

    **a.**    In the event of loss or damage covered by this Coverage Form, at our option, we will either:

        (1)    Pay the value of lost of damaged property;

        (2)    Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

        (3)    Take all or any part of the property at an agreed or appraised value; or

        (4)    Repair, rebuild or replace the property with property  of like kind and quality, subject to **b.** below.

        We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

    **b.**    The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating

the construction, use or repair of any property.

\*\*\*\*\*

**d.**    We will not pay you more than your financial interest in the Covered Property.

\*\*\*\*\*

**g.**    We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

    **(1)**    We have reach agreement with you on the amount of loss; or

    **(2)**    An appraisal award has been made.

\*\*\*\*\*

**7.**    **Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

**a.**    At actual cash value as of the time of the loss or damage, except as provided in **b.**, **c.**, **d.** and **e.** below.

\*\*\*\*\*

**3.**    **Replacement Cost**

\*\*\*\*\*

**d.**    We will not pay on a replacement cost basis for any loss or damage:

    (1)    until the lost or damaged property is actually repaired or replaced; and

    (2)    Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

*****

## ORDINANCE OR LAW COVERAGE

*****

**A.** Each Coverage – Coverage **A**, Coverage **B**, Coverage **C** and Coverage **D** – of Section **E. Coverages** below, is provided under this endorsement only if a Limit of Insurance for that Coverage(s) is shown in the declarations and then only with respect to the building identified for that Coverage(s) in the Declarations.

**B.** The following provisions do not apply to the extent that they conflict with the coverage provided by this endorsement only:

**1.** BUILDING AND PERSONAL PROPERTY COVERAGE FORM:
   **a.** **E.** **LOSS CONDITIONS**:

   **(1)** **4.** **Loss Payment, b.**; and

   **(2)** **7.** **Valuation, b.,** second paragraph; and

   **b.** **G. OPTIONAL COVERAGES, 3. Replacement Cost, f.**

   *****

**3.** Section **B. EXCLUSIONS, 1.a.** of CAUSES OF LOSS – SPECIAL, BROAD and BASIC FORMS.

*****

**E.** **COVERAGES**

*****

**3.** **Coverage C – Increased Cost Of Construction Coverage**

   **a.** With respect to a covered building that has sustained covered direct physical damage, we will pay the increased cost to:

**(1)** Repair or reconstruct damaged portions of that building; and/or

**(2)** Reconstruct or remodel undamaged portions of that building, whether or not demolition is required

When the increased cost is a consequence of enforcement of the minimum requirements of the ordinance or law.

However:

**(1)** This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.

**(2)** We will not pay for the increased cost of construction if the building is not repaired, reconstructed or remodeled.

The service of the Requests for Admission and the failure to answer the Requests for Admission timely have conclusively established that Auto-Owners has no obligation to Plaintiff for replacement cost or ordinance or law coverage included in the March 8, 2021 appraisal award. The failure to answer the Requests for Admission timely also establishes that Auto-Owners has no further obligation to Plaintiff, or any other person or entity, under the insurance policy issued to Plaintiff by Auto-Owners.

The undisputed facts establish there is no genuine issue of material fact, and that Auto-Owners has satisfied its obligations under the insurance policy issued to Plaintiff by making its payments based on the appraisal award, with exception to the amounts that Plaintiff cannot recover under the policy for failure to satisfy all terms and conditions of the policy, thus entitling it to judgment as a matter of law on the matter.

## **FACTS**

Auto-Owners has filed its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, the contents of which are incorporated by reference herein. Auto-Owners provides the following narrative, with citation to the Statement of Undisputed Material Facts referred to as "SUMF". Auto-Owners issued homeowners policy no. 724619-03630939-19 ("the Policy") to Louise Graves ("Graves") at her address 228 Poplar Corner Rd., Trenton, Tennessee 38382-7916. (SUMF ¶ 1; see also SUMF ¶ 2). The Policy issued to Graves provided coverage only in accordance with the policy terms and conditions for the policy period of September 01, 2019 to September 01, 2020. (SUMF ¶ 3). The insuring agreement of the Policy provided as follows:

**BUILDING AND PERSONAL PROPERTY
COVERAGE FORM**

*****

**A.    COVERAGE**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.    Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in Section **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a.    Building**, meaning the building or structure described in the Declarations

*****

3.      **Covered Causes of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

(SUMF ¶ 7).

Graves purchased the Policy to cover the Property from damage or loss in exchange for valuable consideration. (SUMF ¶ 5). A claim was filed with Auto-Owners for a loss on or about May 4, 2020 and identified as claim number 300-0219080-2020. (SUMF ¶ 6). The Policy defined "Covered Causes of Loss":

**CAUSES OF LOSS – SPECIAL FORM**

\*\*\*\*\*

A.      **COVERED CAUSES OF LOSS**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

**1.**      Excluded in Section **B.,** Exclusions; or

**2.**      Limited in Section **C.,** Limitations

that follow.

(SUMF ¶ 8). The Policy also contained the following exclusion applicable to his case:

**CAUSES OF LOSS – SPECIAL FORM**

**1.**      We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

a.      **Ordinance Or Law**

The enforcement of any ordinance or law:

(1)      Regulating the construction, use or repair of any property; or

(2)    Requiring the tearing down of any property, including the cost of removing its debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

(a)    An ordinance or law that is enforced even if the property has not been damaged; or

(b)    The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

(SUMF ¶ 9). Initially, the Policy excludes all claims for Ordinance or Law coverage, but the Policy provides an additional coverage for Ordinance or Law, subject to all remaining terms and provisions of the Policy. (<u>See</u> SUMF ¶ 19). However, in order to be eligible to recover any increased costs of construction under the Ordinance or Law coverage, the Property <u>must</u> be repaired or replaced according to the following provisions:

**ORDINANCE OR LAW COVERAGE**

\*\*\*\*\*

A.    Each Coverage – Coverage **A**, Coverage **B**, Coverage **C** and Coverage **D** – of Section **E. Coverages** below, is provided under this endorsement only if a Limit of Insurance for that Coverage(s) is shown in the declarations and then only with respect to the building identified for that Coverage(s) in the Declarations.

B.    The following provisions do not apply to the extent that they conflict with the coverage provided by this endorsement only:

1.    BUILDING AND PERSONAL PROPERTY COVERAGE FORM:
a.    E.    **LOSS CONDITIONS**:

(1)    4.    **Loss Payment, b.**; and

(2)    7.    **Valuation, b.,** second paragraph;

and

b.   **G. OPTIONAL COVERAGES, 3. Replacement Cost, f.**

\*\*\*\*\*

3.   Section **B. EXCLUSIONS, 1.a.** of CAUSES OF LOSS – SPECIAL, BROAD and BASIC FORMS.

\*\*\*\*\*

E.   **COVERAGES**

\*\*\*\*\*

3.   **Coverage C – Increased Cost Of Construction Coverage**

a.   With respect to a covered building that has sustained covered direct physical damage, we will pay the increased cost to:

(1)   Repair or reconstruct damaged portions of that building; and/or

(2)   Reconstruct or remodel undamaged portions of that building, whether or not demolition is required

When the increased cost is a consequence of enforcement of the minimum requirements of the ordinance or law.

However:

(1)   This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.

(2)   We will not pay for the increased cost of construction if the building is not repaired, reconstructed or remodeled.

(SUMF ¶ 19). Similarly, in order to be able to recover any amounts for replacement cost

AO Graves MSJ MOL 230503.docx

10

(recoverable depreciation), the loss or damage to the Property must also actually be repaired or replaced in order to make a claim for replacement cost coverage according to the following provision:

### 3. Replacement Cost

*****

**d.** We will not pay on a replacement cost basis for any loss or damage:

(1) until the lost or damaged property is actually repaired or replaced; and

(2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

(SUMF ¶ 17). Additionally, replacement cost coverage does not include the cost of repair or replacement attributable to enforcement of any ordinance or law regulating the construction, use or repair any property. (See SUMF ¶ 18).

On August 24, 2020, after the claim was filed and investigated, Auto-Owners issued payment to Graves under claim number 300-021900-2020 in the amount of $186,822.78 less the Policy's $1,000.00 deductible. (See SUMF ¶ 32). On September 16, 2020, Louise Graves made a demand for appraisal pursuant to policy number 724619-03630939-19. (SUMF ¶ 33). The Policy contains the following language regarding appraisal:

### E. LOSS CONDITIONS

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

*****

### 2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

(SUMF ¶ 10). An appraisal award was entered on March 8, 2021. (SUMF ¶ 27). The appraisal award set the amount of loss at Replacement Cost $490,045.13 and Actual Cash Value $461,300.79. (SUMF ¶ 28). Even though an appraisal award was entered, Auto-Owners still retained its right to deny the claim, or any portion of the claim. (See SUMF ¶ 10).

However, before entry of the appraisal award, Graves submitted to an Examination Under Oath pursuant to the Policy's conditions on March 2, 2021. (SUMF ¶ 20). The Policy contains the following Loss Conditions:

**E.    LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

*****

**3.    Duties In The Event Of Loss Or Damage**

*****

**b.**    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

(SUMF ¶ 11). Under oath, Graves provided testimony regarding the status and ownership of the Property insured under the Policy, located at 3523 Eastend Dr., Humboldt, TN 38343. (SUMF ¶ 21). During the Examination Under Oath on March 2, 2021, Graves swore under oath, the property insured under the Policy was sold in December 2020. (SUMF ¶ 22). During the Examination Under Oath on March 2, 2021, Graves swore under oath, she was not aware that she executed an Assignment of Claim assigning the rights of the insurance claim to any party in the sale of the property at 3523 Eastend Dr., Humboldt, TN 38343. (SUMF ¶ 23).

As a result of the information learned at the examination under oath, Auto-Owners issued payment to Graves for the entire appraisal award on April 21, 2021 less the prior payments and the amounts listed in the appraisal award representing Replacement Cost coverage and Ordinance or Law coverage. (SUMF ¶ 31). Auto-Owners issued payment in accordance with the following Policy provisions:

**4.    Loss Payment**

**a.**    In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1)    Pay the value of lost of damaged property;

(2)    Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

(3)     Take all or any part of the property at an agreed or appraised value; or

(4)     Repair, rebuild or replace the property with property  of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.**     The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

*****

**d.**     We will not pay you more than your financial interest in the Covered Property.

*****

**g.**     We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

**(1)**     We have reach agreement with you on the amount of loss; or

**(2)**     An appraisal award has been made.

*****

**7.     Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

**a.**     At actual cash value as of the time of the loss or damage, except as provided in **b.**, **c.**, **d.** and **e.** below.

(SUMF ¶¶ 12-16).  Since the undisputed facts reveal the Property at issue in this litigation was sold by Graves before March 8, 2021 before any repairs commenced (SUMF ¶ 25), the loss or damage was not repaired before March 8, 2021 (SUMF ¶ 29), and the loss or damage at issue in this litigation was not repaired after March 8, 2021 (SUMF ¶ 30), then Auto-Owners has no further obligation to Graves arising out of the appraisal award, or this claim.

## **LAW AND ARGUMENT**

### I.     **Legal Standard**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the outset, the moving party has the burden to inform the Court of the basis for its motion and to identify portions of the record that demonstrate the absence of a genuine dispute over material facts. See Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. Id.

The Court must view the facts in the light most favorable for the nonmoving party and draw all reasonable inferences in its favor. See Bible Believers v. Wayne Cty., Mich., 805 F.3d 228, 242 (6th Cir. 2015). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Rather, the Court determines whether the non-moving party has come forward with sufficient evidence to make the issue of material fact a proper jury question. Id. Of course, the mere scintilla of evidence in support of the

nonmoving party's position is insufficient to defeat summary judgment; instead, there must be evidence from which the jury could reasonably find for the nonmoving party. <u>See Rodgers</u>, 344 F.3d at 595. Likewise, "speculation is insufficient to establish a genuine issue of material fact." <u>Goodman v. J.P. Morgan Inv. Mgmt.</u>, 954 F.3d 852, 865 (6th Cir. 2020); <u>Jordan v. Howard</u>, 987 F.3d 537, 545 (6th Cir. 2020). Indeed, speculation about motivation is not evidence at all and is insufficient to create a triable issue of fact. <u>See McQueen v. Barr</u>, 782 F. App'x 459, 466 n.3 (6th Cir. 2019); <u>Tyson v. Sterling Rental, Inc.</u>, 836 F.3d 571, 583 (6th Cir. 2016). Finally, "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment for the moving party." <u>Celotex Corp. v Catrett</u>, 477 U.S. 317, 322–23 (1986).

This is a diversity action; therefore, the choice of law rule of the forum state applies. <u>Montgomery v. Wyeth</u>, 580 F.3d 455, 459 (6th Cir. 2009). Tennessee follows the rule of *lex loci contractus*, where a contract is presumed to be governed by the law of the state in which it was executed. <u>Williams v. Smith</u>, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014). The Policy was issued to Graves at her home in Trenton, Tennessee. (SUMF ¶ 1). Therefore, Tennessee state law governs the substantive matters relating to the Policy interpretation.

## II.   Summary Judgment is Appropriate Because Plaintiff Cannot Recover Any Amounts For Replacement Cost or Ordinance or Law Coverages Pursuant to the Terms of the Policy

### a.   Insurance Policy Interpretation Under Tennessee Law

Insurance policies are contracts. <u>Merrimack Mut. Fire. Ins. Co. v. Batts</u>, 59 S.W. 3d 142, 147 (Tenn. Ct. App. 2001). As such, courts interpret insurance policies using the same

tenets that guide the construction of any other contract. <u>Am. Justice Ins. Reciprocal v.</u> <u>Hutchison</u>, 15 S.W.3d 811, 814 (Tenn. 2000). Thus, the terms of an insurance policy "'should be given their plain and ordinary meaning, for the primary rule of contract interpretation is to ascertain and give effect to the intent of the parties.'" <u>Clark v. Sputniks</u>, 368 S.W.3d 431, 2012 Tenn. LEXIS 378, (quoting <u>U.S. Bank, N.A. v. Tenn. Farmers Mut.</u> <u>Ins. Co.</u>, 277 S.W.3d 381, 2009 Tenn. LEXIS 17). The policy should be construed "as a whole in a reasonable and logical manner," <u>Standard Fire Ins. Co. v. Chester-O'Donley &</u> <u>Assocs.</u>, 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998), and the language in dispute should be examined in the context of the entire agreement. <u>Cocke Cty Bd. of Highway Comm'rs v.</u> <u>Newport Utils. Bd.</u>, 690 S.W.2d 231, 237 (Tenn. 1985). "A fire insurance contract is a contract of indemnity. Its purpose is to reimburse the insured; to restore him as nearly as possible to the position he was in before the loss." <u>Braddock v. Memphis Fire Ins. Corp.</u>, 493 S.W.2d 453, 459-60 (Tenn. 1973).

### b.   Summary Judgment is Appropriate Because Graves Cannot Repair or Replace The Property

The Policy issued to Graves by Auto-Owners provided the extent of Auto-Owners' liability with respect to Replacement Cost and Ordinance or Law coverage for loss or damage to property insured under its Policy in this instance, as follows:

### 3.   Replacement Cost

*****

**d.   <u>We will not pay on a replacement cost basis for any loss or damage</u>:**

(1)   **<u>until the lost or damaged property is actually repaired or replaced</u>**; and

(2)   Unless the repairs or replacement are made as soon as reasonably possible after the loss or

damage.

\*\*\*\*\*

**f.**  **The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair any property**.

(SUMF ¶¶ 17-18) (emphasis added). Here, in order to recover any amount for Replacement Cost, Graves must first repair or replace the lost or damage property. In this case, Graves has not and cannot repair the damaged property at issue in the claim because she sold the Property prior to entry of the appraisal award establishing the amount of loss. (See SUMF ¶¶ 25-30). As a result, Graves cannot satisfy the terms and provisions of the Policy regarding Replacement Cost coverage because she cannot repair the Property that she sold, and she did not assign the claim to any person or entity. (See SUMF ¶ 26). Thus, no other person or entity may make a claim against the Policy issued to Graves for any additional monies or benefits, even Graves.

Additionally, the Auto-Owners' Policy requires repair or replacement to be completed in order to be eligible to recover the increased cost of construction resulting from enforcement of an ordinance or law regulating the repair or construction of any property, under the Ordinance or Law coverage. (See SUMF ¶ 19). The Policy's language provides, as follows:

### ORDINANCE OR LAW COVERAGE

\*\*\*\*\*

**A.**  Each Coverage – Coverage **A**, Coverage **B**, Coverage **C** and Coverage **D** – of Section **E. Coverages** below, is provided under this endorsement only if a Limit of Insurance for that Coverage(s) is shown in the declarations and then only with respect to the building identified for that Coverage(s) in the Declarations.

**B.**    The following provisions do not apply to the extent that they conflict with the coverage provided by this endorsement only:

   **1.**    BUILDING AND PERSONAL PROPERTY COVERAGE FORM:

   **a.**    **E.**    **LOSS CONDITIONS**:

   **(1)**    **4.**    **Loss Payment, b.**; and

   **(2)**    **7.**    **Valuation, b.,** second paragraph; and

   **b.**    **G. OPTIONAL COVERAGES, 3. Replacement Cost, f.**

   \*\*\*\*\*

   **3.**    Section **B. EXCLUSIONS, 1.a.** of CAUSES OF LOSS – SPECIAL, BROAD and BASIC FORMS.

   \*\*\*\*\*

**E.**    **COVERAGES**

   \*\*\*\*\*

   **3.**    **Coverage C – Increased Cost Of Construction Coverage**

   **a.**    With respect to a covered building that has sustained covered direct physical damage, we will pay the increased cost to:

   **(1)**    Repair or reconstruct damaged portions of that building; and/or

   **(2)**    Reconstruct or remodel undamaged portions of that building, whether or not demolition is required

   When the increased cost is a consequence of enforcement of the minimum requirements of the ordinance or law.

   However:

**(1)**    This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.

**(2)**    <u>**We will not pay for the increased cost of construction if the building is not repaired, reconstructed or remodeled.**</u>

(SUMF ¶ 19) (emphasis added). Graves is also not entitled to any amounts in the appraisal award for any amounts related to Ordinance or Law coverage because Graves does not own the Property, and cannot repair the Property to satisfy the provisions of the Policy. As a result, Auto-Owners' liability is limited to the remaining amount of the appraisal award, for which it has issued payment to Graves. (<u>See</u> SUMF ¶ 31).

The amount paid to Graves based on the appraisal award, less prior payments, Replacement Cost, and Ordinance or Law coverage amounts, resolves all issues between Auto-Owners and Graves since the Policy expressly provides Auto-Owners will not pay Replacement Cost or any amount for Ordinance or Law coverage unless the property subject to those claims, is actually repaired or replaced. This has not happened, and cannot happen. Therefore, since Graves has admitted the repairs listed in the appraisal award were not completed before or after selling the Property (SUMF ¶¶ 29-30), and the Policy requires Graves repair or replace the lost or damaged property in order to recover under those coverages (SUMF ¶¶ 17-19), Auto-Owners has paid Graves all that is owed under the terms of the Policy (SUMF ¶ 31), Auto-Owners' liability is established under the Policy, and Auto-Owners has no additional obligations to Graves as a matter of law for any Replacement Cost or Ordinance or Law claims or amounts.

<u>**CONCLUSION**</u>

Based on the foregoing, Auto-Owners, requests this Honorable Court to grant its Motion for Summary Judgment, and to enter an Order declaring Plaintiff is not entitled to Replacement Cost coverage or Ordinance or Law coverage amounts in the appraisal award under Policy No. 724619-03630939-19 since she cannot repair or replace the Property in accordance with all terms and provisions of the policy and a ruling that Auto-Owners has satisfied its obligations under the insurance contract. Costs should be taxed to Plaintiff.

Respectfully submitted,

s/Matthew B. Rogers
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**MATTHEW B. ROGERS**
Registration No. 038777
DIRECT:  (615) 630-7725
(615) 256-8787, Ext. 121
mrogers@bkblaw.com
Attorneys for Defendant, Auto-Owners Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2023, a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S. Mail.  Parties may access this file through the court's electronic filing system.

Drayton D. Berkley, Esquire
Berkley Law Firm, PLLC
P. O. Box 771048
Memphis, TN 38177

        s/Matthew B. Rogers_____
        **MATTHEW B. ROGERS**

PTC:
MBR:mbr