# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | |
|---|---|
| **LOUISE GRAVES by and through CHUCK GRAVES,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **AUTO OWNERS INSURANCE COMPANY,** ) <br> ) <br> **Defendant.** ) | No. 1:22-CV-02296-STA-JAY <br> Judge S. Thomas Anderson <br> Magistrate Judge Jon A. York |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Comes now Defendant, Auto-Owners Insurance Company ("Auto-Owners"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 56 and the Scheduling Order (Doc. 17) entered in this case, and hereby submits its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1. Auto-Owners issued homeowners policy no. 724619-03630939-19 ("the Policy") to Louise Graves ("Graves") at her address 228 Poplar Corner Rd., Trenton, Tennessee 38382-7916. (Compl. ¶ 6, ECF 1, PageID 10; Ans. ¶ 6, ECF 7, PageID 21-22).

    **RESPONSE:**

2. A certified copy of the Policy is attached hereto as **Exhibit A**.

    **RESPONSE:**

3. The Policy issued to Graves provided coverage only in accordance with the

policy terms and conditions for the policy period of September 01, 2019 to September 01, 2020. (Compl. ¶¶ 6-7, ECF 1, PageID 10; Ans. ¶¶ 6-7, ECF 7, PageID 21-22).

**RESPONSE:**

4.  This lawsuit was filed on April 11, 2022 resulting from a May 4, 2020 claim. (See Compl., ¶ 6,9, Doc. 1 at PageID 10; Ans., ¶ 6, 9, Doc. 7 at PageID 21-22).

**RESPONSE:**

5.  Graves purchased the Policy to cover the Property from damage or loss in exchange for valuable consideration. (See Compl., ¶¶ 6,7, Doc. 1 at PageID 10; Ans., ¶¶ 6, 7, Doc. 7 at PageID 21-22).

**RESPONSE:**

6.  A claim was filed with Auto-Owners for a loss on or about May 4, 2020 and identified as claim number 300-0219080-2020. (See Compl., ¶ 9, Doc. 1 at PageID 10; Ans., ¶ 9, Doc. 7 at PageID 22).

**RESPONSE:**

7.  The insuring agreement of the Policy provided as follows:

**BUILDING AND PERSONAL PROPERTY
COVERAGE FORM**

*****

**A.    COVERAGE**

We will pay for direct physical loss of or damage to Covered

>> Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> **1.    Covered Property**
>
> Covered Property, as used in this Coverage Part, means the type of property described in Section **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
>
> **a.    Building**, meaning the building or structure described in the Declarations
>
> *****
>
> **3.    Covered Causes of Loss**
>
> See applicable Causes of Loss Form as shown in the Declarations.

(Exhibit A, Policy, Form 64000 (12-10), pgs. 1-2 of 14, PDF pgs. 57-58/132).

**RESPONSE:**


8.    The Policy defined "Covered Causes of Loss":

**CAUSES OF LOSS – SPECIAL FORM**

*****

> **A.    COVERED CAUSES OF LOSS**
>
> When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:
>
> **1.**    Excluded in Section **B.,** Exclusions; or
>
> **2.**    Limited in Section **C.,** Limitations
>
> that follow.

(Exhibit A, Policy, Form 64010 (12-10), pg. 1 of 9, PDF pg. 80/132).

**RESPONSE:**

9. The Policy contains the following exclusion:

    **CAUSES OF LOSS – SPECIAL FORM**

    **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    **a. Ordinance Or Law**

    The enforcement of any ordinance or law:

    (1) Regulating the construction, use or repair of any property; or

    (2) Requiring the tearing down of any property, including the cost of removing its debris.

    This exclusion, Ordinance Or Law, applies whether the loss results from:

    (a) An ordinance or law that is enforced even if the property has not been damaged; or

    (b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

(Exhibit A, Policy, Form 64010 (12-10), pg. 1 of 9, PDF pg. 80/132).

**RESPONSE:**

10. The Policy contains the following Loss Conditions:

    **E.   LOSS CONDITIONS**

    The following conditions apply in addition to the Common

> Policy Conditions and the Commercial Property Conditions.
>
> \*\*\*\*\*
>
> **2.    Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.**    Pay its chosen appraiser; and
>
> **b.**    Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Exhibit A, Policy, Form 64000 (12-10), pg. 9 of 14, PDF pg. 65/132).

**RESPONSE:**


11.    The Policy contains the following Loss Conditions:

> **E.    LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> \*\*\*\*\*
>
> **3.    Duties In The Event Of Loss Or Damage**
>
> \*\*\*\*\*
>
> **b.**    We may examine any insured under oath, while

>> not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

(Exhibit A, Policy, Form 64000 (12-10), pg. 9 of 14, PDF pg. 65/132).

> **RESPONSE:**

12. The Policy contains the following Loss Condition:

   > **E.   LOSS CONDITIONS**
   >
   > The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
   >
   > *****
   >
   > **4.   Loss Payment**
   >
   > a.  In the event of loss or damage covered by this Coverage Form, at our option, we will either:
   >
   > (1) Pay the value of lost of damaged property;
   >
   > (2) Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;
   >
   > (3) Take all or any part of the property at an agreed or appraised value; or
   >
   > (4) Repair, rebuild or replace the property with property of like kind and quality, subject to **b.** below.
   >
   > We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

(Exhibit A, Policy, Form 64000 (12-10), pgs. 9-10 of 14, PDF pgs. 65-66/132).

**RESPONSE:**

13. The Policy contains the following Loss Condition:

    **E.     LOSS CONDITIONS**

    The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

    \*\*\*\*\*

    **4.     Loss Payment**

    \*\*\*\*\*

    **g.** We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

    **(1)** We have reach agreement with you on the amount of loss; or

    **(2)** An appraisal award has been made.

(Exhibit A, Policy, Form 64000 (12-10), pg. 10 of 14, PDF pg. 66/132).

**RESPONSE:**

14. The Policy contains the following Loss Condition:

    **E.     LOSS CONDITIONS**

    The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

    \*\*\*\*\*

    **4.     Loss Payment**

*****

    **b.**    The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

(Exhibit A, Policy, Form 64000 (12-10), pg. 10 of 14, PDF pg. 66/132).

**RESPONSE:**

15.    The Policy contains the following Loss Condition:

**E.**    **LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

*****

**4.**    **Loss Payment**

*****

    **d.**    We will not pay you more than your financial interest in the Covered Property.

(Exhibit A, Policy, Form 64000 (12-10), pg. 10 of 14, PDF pg. 66/132).

**RESPONSE:**

16.    The Policy contains the following Loss Condition:

**E.**    **LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

*****

**7.**    **Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

      **a.**    At actual cash value as of the time of the loss or damage, except as provided in **b.**, **c.**, **d.** and **e.** below.

(Exhibit A, Policy, Form 64000 (12-10), pg. 11 of 14, PDF pg. 67/132).

    **RESPONSE:**

17.    The Policy contains the following Optional Coverage:

    **3.**    **Replacement Cost**

\*\*\*\*\*

      **d.**    We will not pay on a replacement cost basis for any loss or damage:

        (1)    until the lost or damaged property is actually repaired or replaced; and

        (2)    Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

(Exhibit A, Policy, Form 64000 (12-10), pg. 13 of 14, PDF pg. 69/132).

    **RESPONSE:**

18.    The Policy contains the following Optional Coverage:

    **3.**    **Replacement Cost**

\*\*\*\*\*

      **f.**    The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair any property.

(Exhibit A, Policy, Form 64000 (12-10), pg. 13 of 14, PDF pg. 69/132).

    **RESPONSE:**

19. The Policy contains the following coverage:

**ORDINANCE OR LAW COVERAGE**

\*\*\*\*\*

A. Each Coverage – Coverage **A**, Coverage **B**, Coverage **C** and Coverage **D** – of Section **E. Coverages** below, is provided under this endorsement only if a Limit of Insurance for that Coverage(s) is shown in the declarations and then only with respect to the building identified for that Coverage(s) in the Declarations.

B. The following provisions do not apply to the extent that they conflict with the coverage provided by this endorsement only:

    1. BUILDING AND PERSONAL PROPERTY COVERAGE FORM:
        a. E. **LOSS CONDITIONS**:

            (1) 4. **Loss Payment, b.**; and

            (2) 7. **Valuation, b.,** second paragraph; and

        b. **G. OPTIONAL COVERAGES, 3. Replacement Cost, f.**

\*\*\*\*\*

    3. Section **B. EXCLUSIONS, 1.a.** of CAUSES OF LOSS – SPECIAL, BROAD and BASIC FORMS.

\*\*\*\*\*

E. **COVERAGES**

\*\*\*\*\*

    3. **Coverage C – Increased Cost Of Construction Coverage**

        a. With respect to a covered building that has sustained covered direct physical damage, we will pay the increased cost to:

> **(1)** Repair or reconstruct damaged portions of that building; and/or
>
> **(2)** Reconstruct or remodel undamaged portions of that building, whether or not demolition is required
>
> When the increased cost is a consequence of enforcement of the minimum requirements of the ordinance or law.
>
> However:
>
> **(1)** This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.
> **(2)** We will not pay for the increased cost of construction if the building is not repaired, reconstructed or remodeled.

(Exhibit A, Policy, Form 64020 (12-10), pgs. 1-2 of 3, PDF pgs. 89-90/132).

**RESPONSE:**


20. On March 2, 2021, Graves submitted to an Examination Under Oath pursuant to the Policy's conditions. A true and correct copy of the Examination Under Oath transcript of Louise Graves is attached hereto as **Exhibit B**.

**RESPONSE:**


21. Under oath, Graves provided sworn testimony regarding the status and ownership of the property insured under the Policy, and located at 3523 Eastend Dr., Humboldt, TN 38343. (Examination Under Oath Transcript of Louise Graves, pgs. 7: 1-11, 8: 1-7).

**RESPONSE:**

22. During the Examination Under Oath on March 2, 2021, Graves swore under oath, the property insured under the Policy was sold in December 2020. (Examination Under Oath Transcript of Louise Graves, pg. 12: 19-24).

**RESPONSE:**

23. During the Examination Under Oath on March 2, 2021, Graves swore under oath, she was not aware that she executed an Assignment of Claim assigning the rights of the insurance claim to any party in the sale of the property at 3523 Eastend Dr., Humboldt, TN 38343. (Examination Under Oath Transcript of Louise Graves, pgs. 13: 6-25, 14: 1-6).

**RESPONSE:**

24. On February 6, 2023, Auto-Owners propounded Requests for Admission to Graves to be answered within thirty (30) days of service as required by Fed. R. Civ. P. 36. The Requests for Admission were not answered by Graves within thirty (30) days and thus the requests are deemed admitted by operation of Fed. R. Civ. P. 36(a)(3). A true and correct copy of the Requests for Admission served upon Graves are attached hereto as **Exhibit C**.

**RESPONSE:**

25. The property located at 3523 Eastend Dr., Humboldt, TN 38343 was sold by Graves before March 8, 2021. (Defendant's Requests for Admission to Plaintiff, ¶ 2).

**RESPONSE:**

26. The insurance claim at issue in this litigation was not assigned under an Assignment of Claim by Louise Graves. (Defendant's Requests for Admission to Plaintiff, ¶ 3).

**RESPONSE:**

27. An appraisal award was entered on March 8, 2021. A true and correct copy of the appraisal award is attached hereto as **Exhibit D**. (Defendant's Requests for Admission to Plaintiff, ¶ 5).

**RESPONSE:**

28. The appraisal award set the amount of loss at Replacement Cost $490,045.13 and Actual Cash Value $461,300.79. (Compl. ¶ 10, ECF 1, PageID 10; Ans. ¶ 10, ECF 7, PageID 22).

**RESPONSE:**

29. The loss or damage at issue in this litigation was not repaired before March 8, 2021. (Defendant's Requests for Admission to Plaintiff, ¶ 6).

**RESPONSE:**

30. The loss or damage at issue in this litigation was not repaired after March 8, 2021. (Defendant's Requests for Admission to Plaintiff, ¶ 8).

**RESPONSE:**

31. Auto-Owners issued payment to Graves for the entire appraisal award on April 21, 2021 less the amounts listed in the appraisal award representing Replacement Cost coverage and Ordinance or Law coverage. A true and correct copy of the coverage position and loss payment letter issued by Auto-Owners to Graves is attached hereto as **Exhibit E**.

**RESPONSE:**

32. On August 24, 2020, Auto-Owners issued payment to Graves under claim number 300-021900-2020 in the amount of $186,822.78 less the Policy's $1,000.00 deductible. (See Exhibit E, pg. 1, ¶ 1).

**RESPONSE:**

33. On September 16, 2020, Louise Graves made a demand for appraisal pursuant to policy number 724619-03630939-19. (Exhibit E, pg. 1, ¶ 2).

**RESPONSE:**

        Respectfully submitted,

        s/Matthew B. Rogers_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**MATTHEW B. ROGERS**
Registration No. 038777
DIRECT:  (615) 630-7725

(615) 256-8787, Ext. 121
mrogers@bkblaw.com
Attorneys for Defendant, Auto-Owners Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2023, a true and correct copy of the foregoing STATEMENT OF UNDISPUTED MATERIAL FACTS was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton D. Berkley, Esquire
Berkley Law Firm, PLLC
P. O. Box 771048
Memphis, TN 38177

s/Matthew B. Rogers_____
**MATTHEW B. ROGERS**

PTC:
MBR:mbr